RICHARDSON (BRADLEY v.). See Case No. 1,786.

## Case No. 11,780a.

### RICHARDSON et al. v. CAMERON.

[2 Hayw. & H. 155.] [1]

Orphans' Court, District of Columbia. April 29, 1854.

ADMINISTRATOR—ADDITIONAL SECURITY — ASSETS.

1. Where a large sum of money may be appropriated by congress, the administrator should give a bond sufficiently large to cover the amount that is in equity due to the representatives.

2. The orphans' court has no jurisdiction over the conflicting powers of attorney. It belongs to another tribunal.

[This was a suit by Ralph Richardson and others against William A. Cameron, administrator of James Bell.]

Mr. Morse, for petitioner.

OPINION OF THE COURT. I have examined this case with much care, as well as the authorities and arguments of the counsel. It will be seen by the last report in the case, which is herein referred to by the Hon. Senator Walker, that more than $20,000 are due in equity to the legal representative of James

---

[1] [Reported by John A. Hayward, Esq., and George C. Hazelton, Esq.]

Bell, for supplies furnished by order of General Washington during the Revolution, and the bill may pass congress at an early day. It is proper, no matter in whose hands the money may be placed, that a sufficient bond should be given. It is therefore ordered by the court that the said administrator appear here within thirty days, and enlarge his bond, with sufficient securities, to be approved by this court, in the sum of $25,000.

In regard to the conflicting powers of attorney, they belong to another tribunal, this court having no jurisdiction over them. The plaintiffs, after this writ was matured, asked to have the case dismissed, without prejudice to the rights of either party under said powers of attorney.